UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO HERNANDEZ,

    Plaintiff,

v.                                             Case No:   2:14-cv-731-FtM-29CM

ALLIED RECYCLING, INC.,

    Defendant.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Upon Court Approval, for Dismissal of the Action *With Prejudice* (Doc. 30), and Settlement Agreement and General Release (Doc. 30-1) filed on November 3, 2015. Plaintiff Ricardo Hernandez and Defendant Allied Recycling, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. This Court held a Settlement Conference on October 27, 2015, assisting the parties to reach a settlement.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must

be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Originally, Plaintiff claimed $17,280.52 in unpaid wages, plus an equal amount in liquidated damages.  Plaintiff asserted that he worked 44 hours of overtime per week while working for Defendant, assuming the applicability of a three-year statute of limitations. Defendant denied that Plaintiff worked in excess of 40 hours per week overtime, and disputed that a three-year statute of limitations applied.  The parties agreed to settle this action to avoid the costs and the uncertainty of further litigation.

The total amount of the settlement is $15,875.00 inclusive of attorney's fees and costs.  Plaintiff will receive $4,437.50 for wages, and $4,437.50 for liquidated damages.  Thus, Plaintiff will receive a total of $8,875.00.  The Court reviewed the Settlement Agreement (Doc. 30-1) and determines that the terms of the Settlement Agreement are reasonable as to wages and liquidated damages.

Defendant agrees to pay $7,000.00 in attorney's fees and costs. The amount of attorney's fees was agreed upon, and did not compromise the amount of plaintiff's recovery. (Doc. 30 at 6). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. The Settlement Agreement and General Release (Doc. 30-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of Settlement Agreement, and Upon Court Approval, for Dismissal of the Action *With Prejudice* (Doc. 30) be **GRANTED**, and the Settlement Agreement and General Release (Doc. 30-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the District Judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 5, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties